**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, | ) ) ) | CASE NO. 20-cv-4485 |
| Plaintiff, | ) ) ) | JUDGE: |
| vs. | ) ) | |
| ALSTERDA CARTAGE & CONSTRUCTION CO., INC., and Illinois corporation, and S AND T PULASKI LLC, an Illinois limited liability company, | ) ) ) ) ) ) | MAGISTRATE JUDGE: |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("Plaintiff" or "PENSION FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants ALSTERDA CARTAGE & CONSTRUCTION CO., INC. ("ALSTERDA") and S & T PULASKI LLC ("S & T"), and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001 *et seq*. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1451(c).

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND is administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or

omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The PENSION FUND receives contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local No. 701 of the International Association of Machinists and Space Workers, AFL-CIO, of Chicago and vicinity ("Union"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the PENSION FUND is authorized to bring this action on behalf of the PENSION FUND, its participants and beneficiaries for the purpose of collecting withdrawal liability and contributions.

5. During the time period relevant to the instant matter, the Union was the bargaining representative of the Defendant ALSTERDA's bargaining unit employees.

6. The Defendant ALSTERDA is a now-dissolved corporation with its principal place of business located at 11832 South Hardin Avenue, Alsip, Illinois, and is considered an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. § 1002(5).

7. The Defendant S & T is an Illinois limited liability company with its principal place of business located at 11832 South Harding Avenue, Alsip, Illinois.

8. Upon information and belief, the Defendant S & T is under common control with ALSTERDA.

## COUNT I
## CLAIM FOR UNPAID INTERIM
## WITHDRAWAL LIABILITY QUARTERLY INSTALLMENTS

9. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. The Defendant ALSTERDA was signatory to a Collective Bargaining Agreement with the Union, which required it to submit contributions to the PENSION FUND on behalf of its employees working in covered employment.

11. In or around August 2019, ALSTERDA ceased its covered operations; therefore, ALSTERDA's obligation to contribute to the PENSION FUND ceased.

12. The cessation of the obligation to contribute to the PENSION FUND resulted in a complete withdrawal as defined by 29 U.S.C. § 1383 during the plan year ending December 31, 2019.

13. In October 2019, the Plaintiff's actuary estimated that ALSTERDA incurred withdrawal liability to the PENSION FUND in the amount of $15,907.00 in accordance with the application provisions of the PENSION FUND's Trust Agreement and the MPPAA.

14. On October 7, 2019, the PENSION FUND sent a Notice and Demand for Withdrawal Liability to ALSTERDA demanding withdrawal liability in the amount of $15,907.00, in accordance with 29 U.S.C. § 1399 via U.S. Certified Mail, Return Receipt Requested. (A copy of the Notice and Demand for Payment is attached as **Exhibit 1**).

15. The Notice and Demand for Payment of the Withdrawal Liability enclosed a payment schedule in accordance with 29 U.S.C. § 1399(c)(1), pursuant to which ALSTERDA was required to pay four (4) quarterly installments in the amount of $3,388.00 each, followed by one final payment on of $2,532.00 on November 1, 2020. The first quarterly payment was due on November 1, 2019. (**Exhibit 1**).

16. ALSTERDA remitted the first two (2) installments of $3,388.00, due by November 1, 2019 and February 1, 2020, respectively.

17. ALSTERDA failed to remit the third installment of $3,388.00, due by May 1, 2020.

18. Accordingly, on May 18, 2020, the PENSION FUND sent a Notice to Cure Default to ALSTERDA in accordance with 29 U.S.C. § 1399. (A copy of the Notice to Cure Default is attached as **Exhibit 2**).

19. ALSTERDA has failed to cure its default, as requested by the PENSION FUND in its Notice to Cure, within sixty (60) days, and ALSTERDA's May 1, 2020 quarterly installment payment remains unpaid.

20. ALSTERDA has not initiated arbitration to challenge the PENSION FUND's withdrawal liability assessment pursuant to 29 U.S.C. § 1401.

21. Pursuant to 29 U.S.C. § 1399(c)(6), interest shall be charged from the date that each quarterly installment is due at the rate prescribed by the PBGC.

22. As a result of ALSTERDA's failure to cure its default, the PENSION FUND accelerated the payment of the full amount of withdrawal liability and ALSTERDA is now liable for the remaining amount of withdrawal liability assessed in the amount of $9,308.00, plus interest calculated from May 1, 2020.

23. Pursuant to the PENSION FUND's Trust Agreement and the PENSION FUND's Withdrawal Liability Policy, employers that fail to pay withdrawal liability payments in a timely manner are also liable for liquidated damages in the amount of ten percent (10%) of each unpaid quarterly installment payment.

24. The PENSION FUND has complied with all conditions precedent in bringing this claim for withdrawal liability.

25. The Defendant ALSTERDA is obligated to pay the reasonable attorneys' fees and court costs incurred by the PENSION FUND pursuant to the PENSION FUND's Withdrawal Liability Policy and Trust Agreement, and 29 U.S.C. §§ 1132(g)(2) and 1451(e).

## COUNT II
## CLAIM FOR WITHDRAWAL LIABILITY AGAINST
## CONTROLLED GROUP MEMBER WITH CONTRIBUTING EMPLOYER

26. The PENSION FUND re-alleges and incorporates the allegations contained in Paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. ALSTERDA sustained a complete withdrawal from the PENSION FUND as defined by 29 U.S.C. § 1383(a) in August 2019.

28. On information and belief, the President and sole owner of ALSTERDA is Thomas Summers.

29. On information and belief, Summers maintained a controlling ownership interest in the Defendant S & T in August 2019.

30. As a result of Summers' controlling ownership interest in and effective control in both Defendants ALSTERDA and S & T, the Defendant S & T is a trade or business under common control with ALSTERDA.

31. Therefore, as of the date of ALSTERDA's complete withdrawal, the Defendant S & T was under common control with ALSTERDA.

32. Pursuant to 29 U.S.C. § 1301(b)(1), "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer."

33. Accordingly, as a member of the controlled group with ALSTERDA, S & T is jointly liable for ALSTERDA's unpaid withdrawal liability in the amount of $9,308.00, plus interest calculated from May 1, 2020.

34. Neither ALSTERDA nor S & T has initiated arbitration to challenge the PENSION FUND's withdrawal liability assessment pursuant to 29 U.S.C. § 1401.

35. Neither ALSTERDA nor S & T has cured the default, as requested by the PENSION FUND in its Notice to Cure, within sixty (60) days, and the May 1, 2020 quarterly installment payment remains unpaid.

36. Pursuant to 29 U.S.C. § 1399(c)(6), interest shall be charged from the date that each quarterly installment is due at the rate prescribed by the PBGC.

37. As a result of the failure to cure the default, the PENSION FUND accelerated the payment of the full amount of withdrawal liability, and ALSTERDA and S & T are jointly liable for the remaining amount of withdrawal liability assessed in the amount of $9,308.00, with interest calculated from May 1, 2020

38. Pursuant to the PENSION FUND's Trust Agreement and Withdrawal Liability Policy, employers that fail to pay withdrawal liability payments in a timely manner are also liable for liquidated damages in the amount of ten percent (10%) of each unpaid quarterly installment payment.

39. The PENSION FUND has complied with all conditions precedent in bringing this claim for withdrawal liability.

40. Defendants ALSTERDA and S & T are obligated to pay the reasonable attorneys' fees and court costs incurred by the PENSION FUND pursuant to the PENSION FUND's Withdrawal Liability Policy and Trust Agreement, and 29 U.S.C. §§ 1132(g)(2) and 1451(e).

**WHEREFORE**, the PENSION FUND respectfully requests the following relief:

A. That Judgment be entered in favor of the PENSION FUND and against Defendants ALSTERDA and S & T, jointly and severally, in the amount of $9,308.00 for unpaid withdrawal liability;

B. That Judgment be entered in favor of the PENSION FUND and against Defendants ALSTERDA and S & T, jointly and severally, for interest calculated from May 1, 2020 through the date of the judgment;

C. That Judgment be entered in favor of the PENSION FUND and against Defendants ALSTERDA and S & T, jointly and severally, for liquidated damages equaling 10% of the unpaid withdrawal liability;

D. That Judgment be entered in favor of the PENSION FUND and against Defendants ALSTERDA and S & T, jointly and severally, for the attorneys' fees and costs incurred by the PENSION FUND pursuant to the Trust Agreement and 29 U.S.C. §§ 1132(g)(2)(D), 1145 and 1451(e); and

E. That the PENSION FUND has such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND**

/s/ Lucas J. Habeeb - 6329755
One of Plaintiff's Attorneys

Lucas J. Habeeb
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
312-372-8587