**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, ) ) ) | |
| Plaintiff, ) | CASE NO.: 20-cv-4485 |
| ) ) | JUDGE: ELLIS |
| vs. ) ) | MAG. JUDGE: COLE |
| ALSTERDA CARTAGE & CONSTRUCTION CO., INC., an Illinois corporation, and S AND T PULASKI LLC, an Illinois limited liability company, ) ) ) ) ) | |
| Defendants. ) | |

**STIPULATED ORDER OF DISMISSAL WITH THE COURT TO RETAIN JURISDICTION TO ENFORCE THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

The Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND (the "PENSION FUND"), and the Defendants, ALSTERDA CARTAGE & CONSTRUCTION CO., INC. ("ALSTERDA") and S AND T PULASKI LLC ("S AND T"), by and through their respective undersigned attorneys, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, hereby submit this Stipulated Order for Dismissal of this Lawsuit with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement and stipulate as follows:

WHEREAS, the Parties in this matter have reached a Settlement Agreement and the Parties stipulate to the dismissal of the above-captioned matter without prejudice, reserving jurisdiction in this Court to reinstate proceedings to enforce certain terms of the Settlement Agreement entered into by and between the Parties in November 2020 under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994).

**IT IS HEREBY ORDERED:**

1. The Parties shall comply with the signed settlement agreement dated November 17, 2020. The Parties expressly waive their rights under Rule 65(d) of the Federal Rules of Civil Procedure to the extent Rule 65(d) requires this Order to be specific in terms or to describe in reasonable detail and without reference to the settlement agreement, the act or acts to be restrained.

2. This above-captioned matter is hereby dismissed without prejudice.

3. By consent of the parties, the Court shall retain jurisdiction over the Parties and hereby grants

      the Plaintiffs leave to reinstate the proceedings in the above-captioned matter to enforce the terms of the Settlement Agreement entered into by and between the Parties in November 2020, but not later than August 15, 2022. The Parties are barred from relitigating any claims raised in this litigation or any claims released by means of the Settlement Agreement.

4. Pursuant to the Settlement Agreement entered into by and between the Parties in November 2020, the Defendants are obligated to pay monthly installments to the Plaintiff for a period of twenty (20) months, with the first installment due on December 15, 2020 and the final installment due on July 15, 2022. Failure by the Defendants to comply with their payment obligation shall constitute a breach of the Settlement Agreement.

5. In the event a motion to reinstate to enforce settlement is not filed on or before August 15, 2022, the dismissal without prejudice will automatically convert to a dismissal with prejudice and with each party to bear its own fees and costs, and the Court shall relinquish jurisdiction.

                                      **ENTERED:**

                                      _____
                                      HONORABLE JUDGE SARA L. ELLIS

                                      Date: November 18, 2020

**Agreed and so stipulated:**

| | |
|---|---|
| **AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** | **ALSTERDA CARTAGE & CONSTRUCTION CO., INC. and S AND T PULASKI LLC** |
| /s/ Lucas J. Habeeb - 6329755 | /s/ Thomas Summers |
| *One of Plaintiffs' Attorneys*<br>JOHNSON & KROL, LLC<br>311 S. Wacker Drive, Suite 1050<br>Chicago, IL 60606<br>(312) 757-5472<br>habeeb@johnsonkrol.com | By: Thomas Summers, President and Member |